# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| QUACHEA THOMAS, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED,<br><br>v.<br><br>HOUSTON CIRCLE OF HOPE SERVICES, INC. | Case No: 4:20-cv-769<br><br>FLSA Collective Action |

## ORIGINAL COMPLAINT

### SUMMARY

1.  Houston Circle of Hope Services, Inc. ("HCHS") has overtime problems. The most obvious is that HCHS pays hours it counts as worked at the same hourly rate, even when they exceed 40 in a workweek, as shown here on one of Thomas's paystubs.

| EARNINGS | | | | | TAXES | |
|---|---|---|---|---|---|---|
| TYPE | $/hr | hrs | CURRENT | YTD | TYPE | CURRENT |
| Regular | 25.00 | 109.50 | 2737.50 | 20925.00 | MCWH | 39.69 |
| Total Wages | | | 2737.50 | 20925.00 | SSWH | 169.73 |
| | | | | | FITW | 375.27 |
| TOTALS | | | 2737.50 | 20925.00 | | 584.69 |
| NETPAY | | | 2202.81 | 16853.95 | Period 09/08/19-09/21/19 | |

It gets worse. HCHS refuses to pay anything for other compensable hours worked, including travel time and time doing paperwork. Because HCHS violates the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA), Thomas brings this collective action to recover unpaid overtime wages and other damages HCHS owes to her and to other workers like her.

**JURISDICTION & VENUE**

2.This Court has federal question subject matter jurisdiction. *See* 28 U.S.C. § 1331 & 29 U.S.C. § 216(b).

3.Venue is proper because HCHS resides in this District and Division. Further, a substantial part of the events alleged herein occurred in this District and Division. *See* 28 U.S.C. §§ 1391 (b) & (c).

**PARTIES**

4.HCHS is a for-profit corporation based in Houston, Texas that provides mental health rehabilitative services.

5.HCHS employed Quachea Thomas as a "Rehab Clinician."

6.Thomas brings this action on behalf of herself and all other similarly situated hourly employees of HCHS that were paid "straight time for overtime." These workers are collectively referred to as the "Class Members." Thomas's consent form is attached as Ex. 1.

**FACTS**

7.In each of the past three years, HCHS, or the enterprise of which it is a part, had revenues in excess of the statutory minimum required for "enterprise coverage," under the FLSA, which is $500,000. HCHS's gross annual revenues exceeded $800,000.

8.Over the past three years, HCHS employed dozens of individuals – including Thomas – that were paid straight time for overtime.

9.Over the past three years, HCHS, or the enterprise of which it is a part, employed at least two individuals that routinely handled goods or materials – such as phones, computers, office equipment, and vehicles – that moved in, or were produced for, interstate commerce.

10.HCHS is, or is part of, a covered enterprise engaged in commerce under the FLSA and is subject to its requirements.

11. Thomas typically worked 50 to 60 hours per week.

12. HCHS has two time-keeping systems – "Billable" and "Non-Billable" time. "Billable" time is time spent with clients. "Non-Billable" time is other work time, like travel time and paperwork.

13. HCHS only pays for Billable time.

14. HCHS pays Billable time that Thomas and the Class Members worked at the same hourly rate for both regular and overtime hours. This practice is commonly referred to as "straight time for overtime."

15. For example, HCHS paid Thomas's Billable hours at $25 per hour, even when these hours exceeded forty in a workweek.

16. For example, for the pay period September 8 through September 21, 2019, HCHS paid Thomas 109.5 hours at $25 per hour, as shown on Thomas's paystub, a portion of which is pasted into Paragraph 1. At most, there were 80 regular hours in this pay period, so HCHS failed to pay overtime on at least 29.5 hours of Billable overtime hours.

17. Thomas routinely worked and additional 10-20 Non-Billable hours per week, which included time worked driving between work locations and doing paperwork.

18. Examples of compensable travel time that Thomas worked, but HCHS did not pay, include driving from the office to visit clients in their homes and between clients' homes during her workday.

19. HCHS knows about travel time and paperwork because it keeps records of Non-Billable time. HCHS even used to pay the employees for Non-Billable time but stopped because the insurance companies stopped paying HCHS for it. But HCHS knows that the insurance companies' failure to pay HCHS is not an excuse to stop paying the employees.

20. Arguments between management and the workers about HCHS's failure to pay Non-Billable time have been ongoing.

21. After reviewing labor laws on the internet, Thomas complained to her manager about not being paid for travel time. She even tried to get paid for it by putting it on her Billable time sheet.

22. But HCHS refused to pay the travel time Thomas claimed. And then it got worse. HCHS also demoted Thomas because she claimed travel time on her time sheet.

23. HCHS knew Thomas and the Class Members routinely worked more than 40 hours in a week. HCHS's records reflect this fact.

24. It is well established that hourly workers, like Thomas, are generally nonexempt and HCHS knew this.

25. HCHS knew it paid Thomas and the Class Members by the hour and that it paid straight time for overtime hours.

26. HCHS knew it had to pay Thomas and the Class Members for travel time and paperwork.

27. HCHS received complaints about its failure to pay overtime and its failure to pay for travel time and doing paperwork, but HCHS failed to correct its payroll policy.

28. HCHS's failure to pay for all hours worked and pay overtime to its hourly workers was willful, meaning HCHS knew it was not right, or, at a minimum, HCHS recklessly disregarded the law.

## COLLECTIVE ALLEGATIONS

29. HCHS's policy of paying non-exempt workers by the hour, with no overtime pay, and failing to pay for all hours worked, violates the FLSA.

30. HCHS's policy of paying straight time for overtime and failing to pay all hours worked affects Thomas and the Class Members in a similar manner because, as explained above, hourly workers are non-exempt from overtime. Accordingly, they are each owed overtime pay for the same reason even though their job duties may differ in nonmaterial respects. Accordingly, Thomas and the Class Members are similarly situated for the purposes of their overtime claims.

31. The Class Members include:

> All current and former hourly workers employed by HCHS who were not paid at least time and one-half for all hours worked in excess of forty in a workweek during the last three years.

### CAUSE OF ACTION – VIOLATION OF THE FLSA

32. By failing to pay Thomas and the Class Members overtime at one-and-one-half times their regular rates for all hours worked, HCHS violated the FLSA's overtime provisions.

33. HCHS owes Thomas and the Class Members the difference between the rate actually paid and the proper overtime rate for all overtime hours worked. Because HCHS knew, or showed reckless disregard for whether, its pay practices violated the FLSA, it owes these wages for at least the past three years.

34. HCHS also owes Thomas and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

35. Thomas and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### PRAYER

Wherefore, Thomas prays for relief as follows:

1. An order allowing this action to proceed as a representative collective action under the FLSA;

2. Judgment awarding Thomas and the Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

3. A service award for Thomas as permitted by law;

4. Pre- and post-judgment interest at the highest rate allowable by law; and

5. All such other and further relief to which Thomas and the Class Members may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: _/s/ David Moulton_
David I. Moulton
Texas Bar No. 24051093
S.D. of Texas No. 608063
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:  (713) 877-8788
Telecopier:  (713) 877-8065
dmoulton@brucknerburch.com
**Attorney-in-charge**