United States District Court
Southern District of Texas
**ENTERED**
August 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT § SOUTHERN DISTRICT OF TEXAS

Quachea Thomas, individually and on behalf of all others similarly situated, §§§§§
    Plaintiffs, §

v. § Civil Action H-20-769

Houston Circle of Hope Services, Inc., §§§
    Defendant. §

# Report and Recommendation

Quachea Thomas has moved for conditional certification of a class. (D.E. 18.) Houston Circle of Hope Services, Inc. did not respond to the motion. It is therefore unopposed. The court recommends that the motion be granted.

### 1. Background and Procedural Posture

Quachea Thomas filed this suit on March 3, 2020, individually and on behalf of all others similarly situated, seeking recovery of unpaid overtime wages. According to the live complaint, Houston Circle of Hope Services, Inc. (HCHS) failed to pay overtime compensation to hourly employees as required under the Fair Labor Standards Act (FLSA).

On June 30, 2020, Thomas moved to conditionally certify and send notice to:

> All current and former hourly employees of HCHS who were not paid at least time and one-half for hours worked in excess of forty in a workweek during the last three years.

Included with Thomas's motion are proposed notice and consent forms. (D.E. 18-3.)

Thomas seeks conditional certification and approval of the proposed notice forms. She also asks the court to order HCHS to provide her with contact information and employment dates of potential class members. HCHS did not respond to the motion. Per Local Rule 7.4, the court construes HCHS's failure to respond as a representation of no opposition.

*2. Legal Standard*

The FLSA requires covered employers to pay employees overtime for any workweeks longer than forty hours. 29 U.S.C. § 207(a). Under the FLSA, employees can sue employers violating FLSA regulations both individually and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). These similarly-situated individuals have the option to join the collective action. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 919 (5th Cir. 2008).

District courts have discretion to send notice to potential opt-in plaintiffs, and many courts analyze the certification process using what is commonly known as the "*Lusardi*" method. *In re JPMorgan Chase & Co.*, 916 F.3d 494, 500 & n.9 (5th Cir. 2019) (citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)). Under *Lusardi*, the district court first determines whether individuals are similarly situated at the notice stage, generally based only on pleadings and affidavits. *Mooney v. Aramco Svcs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). This "fairly lenient standard . . . typically results in 'conditional certification' of a representative class." *Id.* at 1214.

The *Lusardi* approach later requires a second determination upon a defendant's motion to decertify the class after discovery is complete. *Mooney*, 54 F.3d at 1214. Conditional certification of FLSA actions is generally favored because it often reduces litigation costs and promotes judicial efficiency. *Walker v. Honghua America, LLC*, 870 F. Supp. 2d 462, 466 (S.D. Tex. 2012).

*3. Analysis*

To obtain conditional certification, "a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved

2

individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010). At this first *Lusardi* stage, the plaintiff does not need to show that the employer violated the law, only that similarly-situated employees allege similar violations. *Id.* at 802. The "determination centers on whether a factual nexus exists between the proposed members of the class such that the grouping promotes judicial efficiency." *Loy v. Rehab Synergies, LLC*, 366 F. Supp. 3d 847, 853 (S.D. Tex. 2019).

### A. Existence of Aggrieved Individuals

"Under this first element, the plaintiffs need only show that it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy or plan." *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 862 (S.D. Tex. 2012). After the original complaint was filed in March 2020, two additional individuals consented to join the suit. (D.E. 17, 19.) One, Kimberly Alvarez, declared that she has spoken with other hourly employees that did not receive overtime pay. (D.E. 18-2 ¶¶ 27, 28.) Thomas declared that she attended several meetings where other employees voiced the same concerns about overtime pay. (D.E. 18-1 ¶¶ 34–36.) Thomas has shown that other aggrieved individuals exist. *See Heeg*, 907 F. Supp. 2d at 862.

### B. Similarly Situated to Plaintiff

To establish this second element, a plaintiff must show that putative class members were affected by a common policy, plan, or practice. *McKnight*, 756 F. Supp. 2d at 803–04 (collecting cases). Potential class members should be similarly situated in terms of job requirements and payment provisions but need not be identical. *Heeg*, 907 F. Supp. 2d at 862.

Both Thomas and Alvarez declared that no HCHS hourly employees received overtime pay even if they worked over forty hours. They both declared that the alleged pay practice applied to hourly employees working as Qualified Mental Health Professionals and as Case Managers. Both state that, in addition to their Case Manager

duties, they also worked as Intake Coordinators. Attached to the motion is an HCHS email sent to over thirty employees, including both Qualified Mental Health Professionals and Case Managers. (D.E. 18-1 at 13–15.) The email instructed employees of both job titles to complete the same payroll timesheets. The court concludes that Qualified Mental Health Professionals, Case Managers, and Intake Coordinators were under the same compensation policy.

### C. Desire to Opt-in

The third element requires a showing that there is at least some interest to opt-in to the lawsuit. *Walker*, 870 F. Supp. 2d at 472. Thomas declared that she spoke with other former coworkers who were interested in joining the suit and the litigation has already attracted two individuals to file a notice of consent to join. (D.E. 18-1 ¶ 55.) Thomas has therefore met this requirement.

Because Thomas has satisfied all three elements, the court recommends that conditional certification be granted.

### 4. Conclusion

Under the lenient standard for conditional certification, the court recommends that Thomas's motion to certify be granted as to:

> All current and former hourly employees of HCHS who worked as Case Managers, Qualified Mental Health Professionals, or Intake Coordinators, and who were not paid at least time and one-half for hours worked in excess of forty in a workweek during the last three years.

The court has reviewed the proposed notice and consent forms and determined that both are proper. HCHS is ordered to produce the names, mail and email addresses, and dates of employment of potential class members within ten days of certification by the District Judge. Putative class members shall not be contacted by phone or text message without leave of court.

4

The parties shall submit a proposed scheduling order for the court's consideration.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on August 19, 2020.

_____
Peter Bray
United States Magistrate Judge