United States District Court
Southern District of Texas
**ENTERED**
December 21, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Quachea Thomas, individually and on behalf of all others similarly situated, <br>     Plaintiffs, <br><br> v. <br><br> Houston Circle of Hope Services, Inc., <br>     Defendant. | § § § § § § § § § § § | Civil Action H-20-769 |

# Report and Recommendation

This is a collective action under the Fair Labor Standards Act (FLSA). Pending before the court is Plaintiffs' Motion for Summary Judgment. ECF No. 54. The court recommends that the motion be GRANTED.

## 1. *Background and Procedural Posture*

Plaintiffs filed their summary judgment motion on July 29, 2022. ECF No. 54. Defendant's response was due August 19, 2022, but none was filed. On August 22, 2022, Defendant requested leave to file a late response. ECF No. 55. The court granted the motion giving Defendant until August 26, 2022, to respond. ECF No. 56. Defendant again failed to file a response. On September 29, 2022, Plaintiffs filed their Notice re: Briefing, which noted Defendant's failure to respond. Despite an extension and Plaintiffs' reminder, Defendant has yet to respond or request leave to do so. There has been no activity on this case since September 29, 2022. Defendant is represented by counsel who is receiving automated notices by email through the court's ECF system.

In the Southern District of Texas, a failure to timely respond is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. However, a "motion for summary judgment cannot be granted simply

because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995). Instead, the court may accept the unopposed facts set forth in the summary judgment motion as undisputed. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (affirming the district court's acceptance of the facts in support of the defendant's summary judgment motion as undisputed, where the plaintiff made no opposition to the motion); *Smith v. AZZ Inc.*, No. 20-CV-375-P, 2021 WL 1102095, at *1–3 (N.D. Tex. March 23, 2021) (following *Eversley* and taking as true the facts set forth in the moving party's motion for summary judgment). Accordingly, the court takes as true the facts set forth in the motion for summary judgment.

This case concerns Houston Circle of Hope Services, Inc.'s failure to pay overtime to Quachea Thomas and other employees similarly situated to Thomas. Houston Circle provides mental health services. Thomas and the other class members were employed by Houston Circle as mental health counselors and case managers for Houston Circle's clients. Plaintiffs were paid by the hour. However, Houston Circle paid Thomas and the others straight time for their overtime hours and did not pay them at all for driving between client locations, although they did pay them a stipend for gas reimbursement.

Thomas complained to Houston Circle about its failure to pay her for travel time. Instead of inquiring about its legal obligations, Houston Circle disciplined Thomas. Houston Circle wrote her up and placed her on a corrective action plan for attempting to report her travel time. Houston Circle did nothing to determine its legal obligations under the FLSA.

2. *Summary Judgment Standard of Review*

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a

rational jury could not find for the nonmoving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If this burden is met, the nonmovant must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant must "go beyond the pleadings," using competent summary judgment evidence to cite to "specific facts" showing a genuine issue for trial. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (quoting Celotex Corp., 477 U.S. at 324).

The court reviews all evidence and reasonable inferences in the light most favorable to the nonmoving party. *Lincoln Gen. Ins. Co.*, 401 F.3d at 350. "[C]onclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence[]'" are not enough to defeat a properly supported motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). The nonmovant must "articulate the precise manner in which the submitted or identified evidence supports his or her claim." *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 273 (5th Cir. 2009) (quoting *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004)).

### 3. Overtime Pay under the FLSA

Houston Circle does not dispute that it is bound by the requirements of the FLSA. Under 29 U.S.C. § 207(a)(1), employees must be paid for all hours worked in excess of forty in a workweek at a rate of not less than one and one-half their regular rate of pay. Plaintiffs may also recover under the FLSA for unpaid straight time hours in weeks where they worked more than forty hours. *Valcho v. Dallas Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 811 (N.D. Tex. 2009).

3

Travel time between worksites (as opposed to travel to and from work at the beginning and end of each day) is compensable under the FLSA. 29 C.F.R. § 785.38. Subject to several exceptions not relevant here, the "regular rate" of pay is defined as "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e). Here, that would be each Plaintiff's hourly rate.

Absent a willful violation, the statute of limitations for an FLSA violation is two years. 29 U.S.C. § 255(a). In cases of a willful violation, Plaintiffs may be compensated for FLSA violations going back three years before the filing of suit. *Id.* Willfulness exists when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *Ramos v. Al-Bataineh*, 599 F. App'x 548, 551 (5th Cir. 2015) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Here, Houston Circle knew of Plaintiffs' concerns about their pay, given that Thomas complained. Moreover, instead of correcting the problem, Houston Circle disciplined Thomas. The facts of this case show willfulness. The three year statute of limitations applies.

Plaintiffs' counsel has attached to the motion for summary judgment an exhibit referred to as their damage model. ECF No. 54-23. Plaintiffs' counsel has prepared a declaration that describes his methodology for calculating damages. ECF No. 54-22. Plaintiffs' counsel has analyzed paystubs and timesheets provided during discovery and has tabulated the unpaid overtime as well as the unpaid driving time. *Id.* at ¶¶ 7-8. There is no dispute that Plaintiffs' counsel has correctly calculated the unpaid wages for the three years before each Plaintiff joined this lawsuit. The results of counsel's calculations are shown on the first page of Exhibit 23 as follows:

| Plaintiff's Name | Sum of wages owed |
| --- | --- |
| Jonathan Rea | $ 187.5 |
| Kimberly Alvarez | $ 9,119.13 |
| Quachea Thomas | $ 9,068.75 |
| Rosalyn West | $ 20,604.25 |
| Roy Watts | $ 11,726 |

4

ECF No. 54-23 at 2. The court finds that the foregoing amounts are supported by the undisputed evidence.

### 4. Liquidated Damages

The FLSA allows for an award of liquidated damages equal to the amount of unpaid wages. 29 U.S.C. § 216(b). However, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act," the court may decline "in its sound discretion" to award liquidated damages. 29 U.S.C. § 260. Even if a defendant shows subjective good faith and objective reasonableness for failing to comply with the FLSA, the district court may nevertheless exercise its discretion to award liquidated damages. *Solis v. Hooglands Nursery, L.L.C.*, 372 F. App'x 528, 530 (5th Cir. 2010).

Houston Circle has offered absolutely no evidence that it acted in good faith or had any reason to believe its pay scheme complied with the law. There is no evidence that the company reviewed the regulations or any other administrative guidance to determine whether it was complying with the FLSA. Houston Circle disciplined Thomas when she brought their violations to its attention. There are no facts to show that Houston Circle implemented its pay structure in good faith or had any reason at all to believe it was in compliance with the law. The court finds that liquidated damages are warranted.

### 5. Conclusion

Because there are no genuine issues of material fact and Plaintiff is entitled to judgment as a matter of law, the court recommends that Plaintiff's summary judgment motion be GRANTED and that Plaintiffs be awarded actual and liquidated damages:

| Plaintiff's Name | Actual Damages | Liquidated Damages |
|---|---|---|
| Jonathan Rea | $ 187.5 | $ 187.5 |
| Kimberly Alvarez | $ 9,119.13 | $ 9,119.13 |
| Quachea Thomas | $ 9,068.75 | $ 9,068.75 |
| Rosalyn West | $ 20,604.25 | $ 20,604.25 |
| Roy Watts | $ 11,726 | $ 11,726 |

Plaintiffs may file a motion seeking attorney's fees and costs at the appropriate time.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. See *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on December 20, 2022.

_____
Peter Bray
United States Magistrate Judge