United States District Court
Southern District of Texas
**ENTERED**
March 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Quachae Thomas, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action H-20-769 |
| | § | |
| Houston Circle of Hope Services, Inc., | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION ON ATTORNEY'S FEES

Pending before the court is Plaintiff's Motion for Attorney's Fees, Costs and Expenses. ECF No. 64. The court recommends that the motion be GRANTED.

### 1. Background

This case is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219. On December 21, 2022, the court recommended that summary judgment be granted in favor of the Plaintiffs. ECF No. 58. The district judge adopted the Report and Recommendation and entered summary judgment. ECF No. 59. The court deferred consideration of attorney's fees and costs. Plaintiffs now move for attorney's fees, costs and expenses. The court notes that Plaintiffs filed separately their Bill of Costs, ECF No. 63, which the Clerk of Court taxed in the amount of $6,794.70 on January 6, 2023. Thus, the court need only consider the issue of attorney's fees.

## 2. Attorney's Fees

The FLSA allows for the imposition of attorney's fees and costs to the prevailing party. 29 U.S.C. § 216(b). Determination of a reasonable attorney's fee requires the court to "first calculate[] the 'lodestar' by multiplying the reasonable number of hours spent on the case by the reasonable hourly rate." *Sheffield v. Stewart Builders, Inc.*, Civil Action H-19-1030, 2021 WL 951897, at *2 (S.D. Tex. Mar. 10, 2021). In the second step, the court considers the *Johnson*[1] factors to determine whether the lodestar should be adjusted. *Id.* The party seeking attorneys' fees bears the burden to prove the reasonableness of the hours spent, the hourly rate, and that billing judgment was exercised. *Pathan v. Basit Enters., Inc.*, Civil Action No. H-09-1506, 2011 WL 13244519, at *3 (S.D. Tex. Jan. 18, 2011).

### i. Reasonable Rates

To determine the reasonable hourly rate, courts must "consider the attorney's regular rates as well as the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Pathan*, 2011 WL 13244519, at *4 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). Evidence of the reasonableness of the requested rate must include the attorney's own affidavit as well as "information about rates actually billed and paid in similar lawsuits." *Id.*

Defendant did not respond to the instant motion. In the Southern District of Texas, a failure to timely respond is taken as a representation of no opposition. S.D. Tex. L.R. 7.4.[2] An attorney's unopposed requested hourly rate is generally assumed to be *prima*

---

[1] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

[2] Because the motion is unopposed and the court is not engaging in a detailed analysis of the reasonableness of the hourly rate, the court does not intend this Report and Recommendation to have any precedential value in future cases before this or any other court.

*facie* reasonable *Cf. Shaw v. Ciox Health LLC*, Civil Action No. 19-14778, 2021 WL 928032 at *2 (E.D. La. Mar. 11, 2021). Two of Plaintiffs' counsel, Richard Burch and David Moulton, have presented affidavits justifying the reasonableness of their request rates of $700 and $450 per hour, respectively. ECF Nos. 64-2, 64-3. Other staff billed a small number of hours at a much-reduced rate. The court will use the unopposed hourly rates in the lodestar calculation.

### ii. Reasonable Number of Hours

The court must next determine the number of hours reasonably expended on the case. The court must review the timesheets submitted by counsel and exclude those hours that are excessive, duplicative, or not adequately documented. *Pathan*, 2011 WL 13244519 at *5.

Plaintiffs' counsel documented in detail the hours actually worked on the case and excluded $3,041 in fees from the request. ECF No. 64 at 4, 10; ECF No. 64-1. Plaintiffs request compensation for a total of 196.2 hours in attorney time. The court also notes that Plaintiffs' counsel placed the vast majority of the work in the case on Mr. Moulton who billed at a significantly lower rate than Mr. Burch, who only billed for 11.6 hours in the case. The court has reviewed the time records and does not find any hours that are duplicative or excessive. The court finds that counsel have exercised billing judgment.

The lodestar is therefore $87,059.00. *See* ECF No. 64 at 4 (showing in chart form the hours worked and the billing rate).

### iii. Johnson Factors

The *Johnson* factors, which the court considers in determining whether any adjustment to the lodestar figure is necessary, include: (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed

or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

The court concludes that none of these factors favors an increase or decrease in the lodestar amount. No adjustment is warranted.

### 3. Conclusion

The court recommends that attorney's fees in the amount of $87,059 be awarded.

The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on March 14, 2023.

_____
Peter Bray
United States Magistrate Judge